**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

EDWARD C. KELLEY,　　　　　　　)
　　　　Plaintiff　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　)　　C.A.No. 07-278 Erie
　　　　　　　　　　　　　　　　)　　**District Judge McLaughlin**
MARIE T. VEON, et al.,　　　　　)　　**Magistrate Judge Baxter**
　　　　Defendants.　　　　　　　)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I　　RECOMMENDATION**

　　　　It is respectfully recommended that the instant civil rights action be dismissed for Plaintiff's failure to prosecute.

**II　　REPORT**

　　　　Plaintiff Edward C. Kelley filed this civil rights action on October 15, 2007.

　　　　On March 25, 2008, this Court issued an Order directing Plaintiff to file a certificate of service of the complaint in accordance with Federal Rule of Civil Procedure 4(l) on or before April 14, 2008, or suffer dismissal of this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m). [Document # 10]. To date, Plaintiff has done nothing to comply with this Order.

　　　　The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. <u>Id.</u> at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988).

Applying the <u>Poulis</u> factors to the present matter, this Court recommends the dismissal of this matter. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case. Further, Plaintiff has ignored an Order of this Court that expressly stated his case would be dismissed for failure to prosecute if he did not comply. Plaintiff has filed this action <u>pro se</u> and bears the responsibility for any failure in the prosecution of her claims.

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the instant civil rights action be dismissed for Plaintiff's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. <u>See</u>, <u>e.g.</u>, <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated:  May 20, 2008

cc:     The Honorable Sean J. McLaughlin
        United States District Judge

2